## Pratt v. Hays.

(Decided December 14, 1920.)

### Appeal from Barren Circuit Court.

1.  Mines and Minerals—Lease Contracts.—An oil lease which provides that in the event operations are begun on the ease but are discontinued for sixty consecutive days the lease shall be null and void, is null and void and unenforceable in so far as the lessee is concerned after abandonment for more than sixty days after drilling a well thereon.

2. Mines and Minerals—Lease—Abandonment.—A lessee who drills a dry hole on an oil lease and then moves the machine away and works on another lease thereby abandons the first lease unless a clear intention to hold the lease otherwise appears.

W. L. PORTER for appellant.

G. L. JONES and BASIL RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

By this proceeding Mrs. Annie Hays of Barren county seeks the cancellation of an oil lease on her farm, executed by her to appellant, T. W. Pratt, in 1917, on the ground that the grantee in the lease has failed to comply with the terms thereof, and especially a clause which provides for a forfeiture of the lease. The lease was executed on June 7, 1917, and by its provisions Pratt was to begin operations upon the lands within six months from its date. Operations were begun on the land by the agent of Pratt, moving an oil drilling machine thereon, and drilling a well about four hundred feet deep in which was placed about one hundred and forty-five feet of casing. The well was non-productive. On the 30th day of August, 1917, appellant Pratt ceased to operate the machine or to do any work of development on the premises, and his agents went away leaving the machine standing over a dry hole. In the latter part of October of the same year, the machine was moved from the premises of Mrs. Hays on to that of another landowner, and nothing more was done on the Hays lease until the bringing of this action in August, 1918. It will thus be seen that the appellant Pratt did nothing which could be called operation or any development work on the Hays lease for almost twelve months next before the commencement of this action. By the lease it is provided "that this lease shall become null and void and all rights hereunder shall cease and determine, unless operations shall be commenced on said premises within six months from the date hereof, or unless the lessee shall elect to pay $185.00 dollars, semi-annually thereafter, until operations are commenced . . . 'If after operations are begun on this lease they are discontinued for sixty consecutive days, this lease is null and void.''

This action was brought by Mrs. Hays to enforce the latter part of the clause quoted above, and the lower

court held it null and void and cancelled the lease. Pratt appeals.

The only reason assigned for a reversal of the judgment in brief of counsel for Pratt is the following:

"It is insisted for appellant that a reasonable construction of the contract under the facts would be to allow appellant a reasonable time to put down another well; in fact the casing was left in the well drilled. There was no oil found in it and of course the well could not be operated beneficially either to the appellee or the appellant and if the clause was put in the lease to compel appellant to operate such wells as oil was discovered in, then it would be folly to operate a well in which there was no oil. The term 'operation' used in the lease would mean not only putting down the well, but if oil was found to produce the oil or pump the well and market the oil.

"And it is unreasonable to construe the lease to mean that after a dry hole was drilled the appellant should continue to drill other wells without first ascertaining the trend of the oil sand. As it is inserted the word operate in this means the operation of an oil well, if oil is found in paying quantities."

It is conceded that Pratt began operation on the lease; that he ceased operation on the lease about August 30, 1917, and that he did not again go on the lease before the commencement of this action, which was almost twelve months after operation ceased on the lease. Thus there appears to be a flagrant violation of the terms of the lease which comes clearly within the forfeiture clause, reading: "If after operations are begun on this lease they shall discontinue for sixty consecutive days, this lease is null and void." This provision is plain and unambiguous and the facts are not disputed. When Pratt moved his machine away from the premises he indicated an intention to abandon the lease and at the expiration of the period of sixty days from the day on which operations ceased on the lease it became by its terms "null and void," and Pratt had no further rights on the premises.

The word "operations" as used in the lease means the drilling for and the production and marketing of oil or gas upon and from the premises, and when Pratt ceased to drill or otherwise explore the premises for oil or gas and moved the machine away from the premises he came clearly within the terms of the forfeiture clause

at the end of the sixty day period; and this was so even though he had theretofore drilled a dry hole on the lease and left the casing in it.

The lower court committed no error in adjudging the lease cancelled, and the judgment is affirmed.

Judgment affirmed.